UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALARIE JAY O.,<br><br>                Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | NO: 1:20-CV-3077-RMP<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

BEFORE THE COURT, without oral argument, are cross-motions for summary judgment from Plaintiff Valarie Jay O.[1], ECF No. 13, and the Commissioner of Social Security ("Commissioner"), ECF No. 14. Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). See ECF No. 13 at 1. Having reviewed the parties'

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and last initial.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 1

motions and the administrative record, the Court is fully informed. The Court grants in part Plaintiff's motion and remands for further proceedings.

## BACKGROUND

*General Context*

Plaintiff applied for SSI on June 3, 2016, when she was 32 years old. Administrative Record ("AR")[2] Plaintiff alleged a disability onset date of June 1, 2015, and maintained that she was unable to function and/or work due to back problems, depression, PTSD, and anxiety. AR 34–35. The application was denied initially and upon reconsideration, and Plaintiff requested a hearing. AR 74. Plaintiff was not represented by counsel prior to her hearing and waived her right to appear and testify at a hearing, writing:

> I have serious anxiety issues when it comes to being in front of either a large crowd, persons of importance, and even just going outside of my house at times. At these times I got nervous I stumble over my words, I get swetty [sic] and my palms get clammy. This problem added to my physical pain of what I have become due to my MVA and all the issues in my stomache [sic], from past surgeries being messed up didn't heal right and the wrong kind of mesh being put in to fix my ventral hernia. Even long car rides are not possible for me at this time until I find a doctor willing to try fixing my pain issues.

AR 78.

Therefore, in lieu of a hearing, Administrative Law Judge ("ALJ") Mary Gallagher Dilley received responses to interrogatories from impartial vocational

---

[2] The AR is filed at ECF No. 11.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 2

expert Anne Jones, Plaintiff's response to the vocational expert's interrogatory responses, and additional evidence that Plaintiff submitted with her response. AR 18, 28.

***ALJ's Decision***

On May 30, 2019, ALJ Dilley issued an unfavorable decision. AR 18–28. Applying the five-step evaluation process, ALJ Dilley found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since June 3, 2016, the application date. AR 20.

**Step two:** Plaintiff had the following severe impairments that are medically determinable and significantly limit her ability to perform basic work activities: degenerative changes of the lumbar and thoracic spine; curvature of the thoracic spine; and obesity. AR 20. The ALJ found that other conditions or health problems referred to in the record were non-severe, including: a left wrist abscess; abdominal pain; migraine headaches; fibromyalgia; and mental health issues. AR 20–21. The ALJ further found that Plaintiff has merely mild limitations in interacting with others and in adapting or managing oneself, and likewise is mildly limited in the domains of understanding, remembering, or applying information, and of concentrating, persisting, or maintaining pace. AR 22.

**Step three:** The ALJ concluded that Plaintiff's impairments, considered singly and in combination, did not meet or medically equal the severity of one of the

listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).  AR 22.

**Residual Functional Capacity ("RFC")**: The ALJ found that Plaintiff had the RFC to: perform light work as defined in 20 CFR 416.967(b).  The ALJ resolved that Plaintiff "can occasionally stoop and occasionally climb ramps, stairs, ladders, ropes, and scaffolds."  AR 23.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms "are not entirely consistent with the medical evidence and other evidence in the record" for several reasons that the ALJ discussed.  AR 23.

**Step four**: The ALJ found that Plaintiff is capable of performing past relevant work as a cleaner, housekeeper, ice cream dispenser, and counter attendant in a lunchroom or coffee shop.  AR 26–27.

**Step five:** The ALJ first found that Plaintiff has a high school education, is able to communicate in English, and that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills."  AR 27 (internal citation omitted). The ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform considering her age, education, work experience,

and RFC, in addition to her past relevant work. AR 27–28. Specifically, the ALJ recounted that the vocational expert identified the following representative occupations that Plaintiff would be able perform: cashier II, fast food worker, and production assembler. AR 28. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Social Security Act at any time since the June 3, 2016, the date on which Plaintiff filed her application. AR 28.

The Appeals Council denied review. AR 5.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant

is not only unable to do his previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520. Step one determines if he is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii); see also 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment

meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that he has performed in the past. If the claimant can perform his previous work, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). At this step, the claimant's RFC assessment is considered. If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering his residual functional capacity and age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs

exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1. Did the ALJ erroneously fail to consider every medical opinion in the record?
2. Did the ALJ improperly reject the medical opinion evidence?
3. Did the ALJ erroneously reject Plaintiff's subjective symptom testimony?
4. Did the ALJ erroneously find that Plaintiff could perform past relevant work as an ice cream dispenser, cleaner/housekeeper, and an attendant at a lunchroom or coffeeshop?

## DISCUSSION

### *Consideration of all medical opinions in the record*

Plaintiff argues that the ALJ harmfully erred by failing to address the medical opinions of Robert Whitson, M.D. and Philip Barnard, Ph.D. Treating physician Dr. Whitson opined in February 2011 that Plaintiff is limited to 11-20 hours per week at a sedentary exertion level. AR 224–28. Plaintiff asserts that, if fully credited, Dr. Whitson's assessment would result in a finding of disability because none of the jobs that the ALJ identified at steps four and five was limited to sedentary work or entailed working less than a full-time schedule. ECF No. 13 at 10. In June 2008,

examining psychologist Dr. Barnard conducted a neuropsychological evaluation of Plaintiff and opined that with Plaintiff's significant emotional disturbance and chronic pain disorder, it is "not probable" that she would be employable on a full-time basis during any 12-month period. AR 214.

Defendant maintains that the relevant period for Plaintiff's SSI claim began on June 3, 2016, because SSI benefits are not payable before the application date. ECF No. 14 at 5. Defendant argues that medical opinions that predate the relevant period "'are of limited relevance.'" *Id.* (citing *Carmickle v. Comm'r*, 533 F.3d 1155, 1165 (9th Cir. 2008)). Defendant continues, "Because the ALJ did not make any findings about Plaintiff's impairments or abilities prior to 2016, she cannot be said to have 'rejected' any opinions from this period." *Id.*

ALJ Dilley did not address Dr. Whitson's opinion in her decision. *See* AR 24–26. ALJ Dilley gave Dr. Barnard's psychological evaluation little weight merely because "it predates the period at issue by 8 years." AR 24. ALJ Dilley does not address the content of Dr. Barnard's evaluation and provides no further reasons for discounting it. *See id.*

The ALJ must consider and evaluate every medical opinion of record. *See* 20 C.F.R. § 404.1527(b) and (c) (applying to claims filed before March 27, 2017); *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (holding that "ALJ must consider all medical opinion evidence"); 20 C.F.R. § 416.927(c) ("[W]e will evaluate every

medical opinion we receive."). An ALJ's obligation to consider medical opinions also applies to opinions that predate the alleged disability-onset date. *See Williams v. Astrue*, 493 F. App'x 866, 868 (9th Cir. 2012) (holding that the ALJ erred in failing to consider medical opinions that predated alleged disability-onset date by several years but concluding that error was harmless) (citing *Tommasetti*, 533 F.3d at 1041).

Defendant's explanation that the relevant period began when Plaintiff filed her application for SSI in 2016 does not overcome the requirement that the ALJ state a valid reason for rejecting medical opinions. Rather, the Court declines to speculate as to the reasons for why ALJ Dilley discounted medical opinions in the record beyond the sole, insufficient reason provided for rejecting Dr. Barnard's opinion. Here, the ALJ did not provide any reason for rejecting treating physician Dr. Whitson's opinion and an insufficient reason for rejecting Dr. Barnard's opinion, as the ALJ is required to consider and assess even opinions predating the alleged onset of disability. This Court cannot determine from the face of the ALJ's decision whether the ALJ rejected or simply ignored the opinions at issue. *See Mora v. Berryhill*, No. 1:16-cv-01279-SKO, 2018 U.S. Dist. LEXIS 15960, 2018 WL 636923, at *10 (E.D. Cal. Jan. 31, 2018) (finding that the ALJ "cannot reject [medical] evidence for no reason or the wrong reason.").

Furthermore, the Court cannot determine that the error was harmless because the medical opinions at issue evaluated Plaintiff's limitations as greater than those contained in the RFC formulated by the ALJ. Therefore, Plaintiff may have been prejudiced by the ALJ's omission and is entitled to summary judgment on this error.

As remand is warranted on the first ground raised by Plaintiff in her summary judgment motion, ECF No. 14, the Court does not reach the remaining issues.

### *Request for remand for benefits*

Generally, the appropriate course upon finding error in the Commissioner's determination of a claimant's application is to "remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (internal citation omitted). A court should take the exceptional step of remanding for an immediate award of benefits only where:

> (1) The ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence [probative of disability], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (internal quotation omitted). Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).

In this case, the Court finds that additional administrative proceedings could remedy the defect identified. On the basis of the ALJ's incomplete consideration

of the medical opinions in the record, the Court finds that it is appropriate to remand for the agency to conduct further proceedings to consider all evidence offered. The Court does not find that the record as a whole compels a finding that Plaintiff is disabled.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13,** is **GRANTED IN PART** with respect to remand and **DENIED IN PART** with respect to remanding with instructions to credit any particular evidence as true and award benefits.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. Judgment shall be entered for Plaintiff.

**IT IS SO ORDERED**. This District Court Clerk is directed to enter this Order, enter Judgment as directed, provide copies to counsel, and **close** this case.

**DATED** July 6, 2021.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge